UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------------ x
ELIZABETH KASUBA,                                :
                                                 :
                             Plaintiff,          :
                                                 :      **MEMORANDUM &**
            -against-                            :      **ORDER**
                                                 :
COSTCO WHOLESALE CORPORATION,                    :      3:22-CV-52 (VDO)
                                                 :
                             Defendant.          :
------------------------------------------------------------------ x

**VERNON D. OLIVER**, United States District Judge:

Plaintiff Elizabeth Kasuba ("Kasuba") commenced this negligence action against Defendant Costco Wholesale Corporation ("Costco"), alleging that she was injured after hitting her head on metal shelving and falling to the ground on Costco's premises. (First Amended Complaint ("FAC"), ECF No. 16.) After completing discovery, Costco moved for summary judgment, arguing that it does not owe a duty of care to Kasuba and that Kasuba cannot prevail on liability without expert testimony. (Def Mot., ECF No. 26.) For the reasons set forth below, Costco's motion for summary judgment is **denied**.

**I.      BACKGROUND**

    **A.      Factual Background**

The Court has considered the following facts from the parties' submissions, including the pleadings, exhibits, and Local Rule 56(a) Statements. Unless otherwise noted, the following facts are undisputed or the opposing party has not proffered evidence in the record to dispute them. The facts from the pleadings are undisputed either through a direct admission or by virtue of Federal Rule of Civil Procedure 8(b)(6). The Court construes the facts in the

light most favorable to the non-moving party and resolves all ambiguities in Plaintiff's favor. *Borley v. United States*, 22 F.4th 75, 78 (2d Cir. 2021).

Costco owns and has possession and control of a premises located in Milford, Connecticut, including the wholesale store located thereon. (FAC, ECF No. 16 ¶ 3.)

Kasuba is a Connecticut resident. (*Id.* ¶ 1.) Kasuba worked for CDS Inc. (*Id.* ¶ 5.) As an employee of CDS, Kasuba handed out food samples to Costco customers on Costco's premises. (*Id.* ¶¶ 4–5.) On September 16, 2021, as Kasuba walked near the receiving area of Costco's premises, she hit her head on metal shelving and fell to the ground. (*Id.* ¶ 6.)

### B. Procedural Background

On January 11, 2022, Costco removed this negligence action from the Superior Court of Connecticut for the Judicial District of Ansonia/Milford. (ECF No. 1.) Kasuba filed an amended complaint on March 31, 2022. (ECF No. 16.) On April 12, 2022, Costco filed an answer to the amended complaint. (ECF No. 17.)

Discovery concluded on February 1, 2023. (ECF No. 12.) At the conclusion of discovery, Costco moved for summary judgment (Def. Mot., ECF No. 26.), which Kasuba opposes. (Pl. Opp'n, ECF No. 31.) Costco has filed a reply. (Def. Reply, ECF No. 32.)

## II. LEGAL STANDARD

### A. Motion for Summary Judgment

In ruling on summary judgment, a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A material fact is one that would 'affect the outcome of the suit under the governing law,' and a dispute about a genuine issue of material fact occurs 'if the evidence is such that a reasonable [factfinder] could return a verdict

for the nonmoving party.'" *Aetna Life Ins. Co. v. Big Y Foods, Inc.*, 52 F.4th 66, 72 (2d Cir. 2022) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)) (alteration in original). "No genuine dispute of material fact exists when 'the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.'" *McKinney v. City of Middletown*, 49 F.4th 730, 738 (2d Cir. 2022) (quoting *Lovejoy-Wilson v. NOCO Motor Fuel, Inc.*, 263 F.3d 208, 212 (2d Cir. 2001)). The burden is on the moving party to establish the absence of any genuine issue of material fact. *Zalaski v. City of Bridgeport Police Dep't*, 613 F.3d 336, 340 (2d Cir. 2010).

"Once the moving party demonstrates that there are no genuine issues of material fact, the nonmoving party 'must come forth with evidence sufficient to allow a reasonable jury to find in [its] favor.'" *Roe v. City of Waterbury*, 542 F.3d 31, 35–36 (2d Cir. 2008) (quoting *Brown v. Henderson*, 257 F.3d 246, 251 (2d Cir. 2001)) (alteration in original). A court must "view the evidence in the light most favorable to the party opposing summary judgment, draw all reasonable inferences in favor of that party, and eschew credibility assessments." *New York v. Mountain Tobacco Co.*, 942 F.3d 536, 541 (2d Cir. 2019) (internal citation and quotation marks omitted).

### B.  Negligence

A federal court sitting in diversity applies "the substantive law of the forum State on outcome determinative issues." *Travelers Ins. Co. v. 633 Third Assocs.*, 14 F.3d 114, 119 (2d Cir. 1994) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)). Thus, Connecticut substantive law applies here.

"Negligence is the violation of a legal duty which one party owes to another." *Kats v. United States*, No. 3:22-CV-471 (VDO), 2023 WL 8270365, at *2 (D. Conn. Nov. 30, 2023).

"The essential elements of a cause of action in negligence under Connecticut law are duty; breach of that duty; causation; and actual injury." *Kats*, 2023 WL 8270365, at *2 (citing *Osborn v. City of Waterbury*, 220 A.3d 1, 6 (Conn. 2019)); *see also Konspore v. United States*, No. 22-748-CV, 2023 WL 3184447, at *2 (2d Cir. May 2, 2023) (same).

III. **DISCUSSION**

    A. **Duty**

Costco contends that it does not owe a duty of care to Kasuba regarding the shelving on its premises because the alleged incident was not reasonably foreseeable and public policy prevents imposition of a duty. (Def. Mem., ECF No. 26-1 at 3–8.)

"Duty is a legal conclusion about relationships between individuals, made after the fact, and imperative to a negligence cause of action." *Raspberry Junction Holding, LLC v. Se. Conn. Water Auth.*, 263 A.3d 796, 804 (Conn. 2021) (internal citation omitted). "Whether a duty exists is a question of law for the court, and only if the court finds that such a duty exists does the trier of fact consider whether that duty was breached." *Id.* (internal citation and quotation marks omitted). When considering the element of duty, a court will first determine the existence of a duty, and second, if one is found, evaluate the scope of that duty. *Baptiste v. Better Val–U Supermarket, Inc.*, 811 A.2d 687, 690 (Conn. 2002).

The Court finds that there is a genuine dispute of material fact as to Kasuba's status as an entrant on Costco's premises at the time of the incident at issue. "Ordinarily, the status of one who sustains injury while upon the property of another is a question of fact." *Roberts v. Rosenblatt*, 148 A.2d 142, 144 (Conn. 1959); *see also Gargano v. Azpiri*, 955 A.2d 593, 596 (Conn. App. Ct. 2008) (same). "The status of an entrant on another's land, be it trespasser, licensee or invitee, determines the duty that is owed to the entrant while he or she is on a

4

landowner's property." *Salaman v. City of Waterbury*, 717 A.2d 161, 164 (Conn. 1998). "In general, there is an ascending degree of duty owed by the possessor of land to persons on the land based on their entrant status, i.e., trespasser, licensee or invitee." *Considine v. City of Waterbury*, 905 A.2d 70, 89 (Conn. 2006) (internal citation and quotation marks omitted). "A possessor of land has a duty to an invitee to reasonably inspect and maintain the premises in order to render them reasonably safe. . . . In addition, the possessor of land must warn an invitee of dangers that the invitee could not reasonably be expected to discover." *Id.* (internal citation and quotation marks omitted).

Here, Kasuba has proffered evidence raising a genuine dispute as to whether she was a business invitee to whom Costco owed a duty of care. "A business invitee is a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land." *Corcoran v. Jacovino*, 290 A.2d 225, 228 (Conn. 1971) (cleaned up). "Mere permission, as distinguished from invitation, is sufficient to make the visitor a licensee but it does not make him an invitee." *Id.* Kasuba stated in a sworn affidavit that she worked for CDS, Inc. on Costco's premises for almost eight years. (Kasuba Aff., ECF No. 31-1 ¶ 2.) Kasuba had a work area located next to the receiving area in the back of the warehouse on Costco's premises, where she would get products to hand out to Costco customers (*Id.* ¶ 4.) Kasuba asserted that, on the day of the accident, her job duties included preparing and handing out food samples to Costco customers. (*Id.* ¶ 3.) The area where Kasuba was injured was not open to the public and was for Costco and CDS, Inc. employees only. (*Id.* ¶ 10.)

This case is similar to *Schaller v. Roadside Inn, Inc.*, 221 A.2d 263, 264 (Conn. 1966), where the Connecticut Supreme Court affirmed a jury verdict that a landowner breached a duty

5

owed to a business visitor. The *Schaller* Court held that the plaintiff, who was engaged by a manager of the defendant to prepare the food for a stag party to be held at the premises, "must be considered a business visitor." *Id.* at 266. Much like *Schaller*, a factfinder can reasonably infer that Costco engaged Kasuba to prepare the food to be passed out at its premises. Kasuba worked on Costco's premises for years and had a designated work area that was not open to the public.

The scope of a landowner's duty to an invitee includes maintaining items, such as metal shelving, on the premises in a reasonably safe manner. "A possessor of land has a duty to an invitee to reasonably inspect and maintain the premises in order to render them reasonably safe. . . . In addition, the possessor of land must warn an invitee of dangers that the invitee could not reasonably be expected to discover." *Considine*, 905 A.2d at 89. The Connecticut Supreme Court has similarly held that a landlord's duty to maintain the premises in a reasonably safe condition could extend to "buckets, trash, broken concrete pieces and other debris" in a common area. *Ruiz v. Victory Properties, LLC*, 107 A.3d 381, 392 (Conn. 2015). In doing so, the *Ruiz* Court rejected the arguments that injuries caused by inherently harmless objects were not reasonably foreseeable and that public policy militates against imposing a duty under such circumstances. *Id.* at 393. That reasoning applies to the stationary shelving at issue. Kasuba asserts that the receiving area was hectic and chaotic, that the space for a person to walk out of the receiving area was very narrow, and that she was required to wear a hat with a visor as part of her employment. (Kasuba Aff., ECF No. 31-1 ¶¶ 6–7.) Under these circumstances, genuine disputes remain regarding the foreseeability of the harm at issue, and it is unclear how public policy concerns weigh against imposing a duty of care.

Accordingly, summary judgment on the issue of whether Kasuba was owed a duty of care is inappropriate as a reasonable jury could conclude that Kasuba was a business invitee who was owed a duty of care.

B.      **Expert Testimony**

Costco contends that Kasuba cannot prevail on her negligence claim without the use of expert testimony. Specifically, Costco asserts that the failure to offer expert testimony regarding whether the shelving was unreasonably dangerous is fatal to the negligence claim. (Def. Mem., ECF No. 26-1 at 8–9.)

A "court's determination of whether expert testimony [is] needed to support the plaintiff's claim of negligence against the defendant [is] a legal determination." *Doe v. Hartford Roman Cath. Diocesan Corp.*, 119 A.3d 462, 478 (Conn. 2015) (internal citation and quotation marks omitted). "[W]hether expert testimony is required in a particular case depends on whether the alleged error is within the common knowledge of a layperson." *Osborn*, 220 A.3d at 9. "If the determination of the standard of care requires knowledge that is beyond the experience of an ordinary fact finder, expert testimony will be required." *Santopietro v. City of New Haven*, 682 A.2d 106, 115 (Conn. 1996) (collecting cases). The Connecticut Supreme Court has found that expert testimony is typically required in cases where there are allegations of professional negligence or malpractice. *Osborn*, 220 A.3d at 7.

The Court is not persuaded that the usage of metal shelving is outside the common knowledge of a layperson. It would be a stretch to conclude that an ordinary fact finder is unfamiliar with items, such as furniture or shelving, obstructing an entryway or otherwise being a hazard. "Jurors are not expected to lay aside matters of common knowledge or their own observation and experience of the affairs of life, but, on the contrary, to apply them to the

evidence or facts in hand." *Doe*, 119 A.3d at 462 (internal citation and quotation marks omitted). Examining a video of the premises at the time of a plaintiff's fall to determine whether there was unreasonably dangerous metal shelving is within the ordinary knowledge of a layperson and therefore, expert testimony is not needed. *Bader v. United Orthodox Synagogue*, 172 A.2d 192, 195 (Conn. 1961) (finding that expert testimony was not required to support plaintiff's claim that the absence of a porch railing was a structural defect where a jury could consider photographs showing the conditions of the porch).

Accordingly, summary judgment is inappropriate as a reasonable jury could conclude that the metal shelving constituted a dangerous condition without the aid of expert testimony.

## IV. CONCLUSION

For the reasons stated above, Costco's motion for summary judgment is **denied**.

**SO ORDERED.**

Hartford, Connecticut
January 9, 2024

/s/Vernon D. Oliver
VERNON D. OLIVER
United States District Judge